10-2005-ag
Chen v. Holder

BIA
Hom, IJ
A094 794 540

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of April, two thousand twelve.

PRESENT:

        RALPH K. WINTER,
        ROBERT A. KATZMANN,
        DEBRA ANN LIVINGSTON,
            *Circuit Judges.*

_____

DONG PIN CHEN,
        *Petitioner,*

        v.                      10-2005-ag
                                          NAC

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Lee Ratner, New York, NY

FOR RESPONDENT:        Tony West, Assistant Attorney General; Christopher C. Fuller, Senior Litigation Counsel; Zoe J. Heller, Civil Division, Office of Immigration Litigation, U.S. Department of Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Dong Pin Chen, a native and citizen of the People's Republic of China, seeks review of the April 23, 2010, order of the BIA affirming the April 7, 2008, decision of Immigration Judge ("IJ") Sandy K. Hom denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Dong Pin Chen*, No. A094 794 540 (B.I.A. Apr. 23, 2010), *aff'g* No. A094 794 540 (Immig. Ct. N.Y. City Apr. 7, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). As an initial matter, Chen does not challenge the agency's denial of CAT relief or determination that he did not establish his

2

eligibility for relief based on his practice of Falun Gong in the United States, and thus we do not address those claims and address only the merits of Chen's petition as it pertains to the agency's adverse credibility and burden findings related to asylum and withholding of removal based on past persecution. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (providing that "[i]ssues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal") (citation omitted).

Petitioner concedes that, following the passage of the REAL ID Act, an ability to depart China using one's own passport may be an appropriate factor on which to base an implausibility finding,. *See Ying Li v. BCIS*, 529 F.3d 79, 82-83 (2d Cir. 2008). In *Ying Li*, based on a "totality of the circumstances" analysis, this Court upheld an adverse credibility determination where petitioner: (1) claimed to promote Falun Gong for over six years without ever learning or practicing it herself; (2) claimed she was sought by police, but testified that a known Falun Gong practitioner openly visited her home and was never arrested; (3) departed China from an airport using her own passport; and (4) recited only "elementary information" about Falun Gong

3

and presented photographs of herself practicing Falun Gong on only a single occasion. *Id*.

However, petitioner argues that we have never held that such an ability by itself is substantial evidence sufficient to support an adverse credibility determination. *See id*. (holding that "when an adverse credibility finding is based partly or entirely on implausibility, we review the entire record, not whether each unusual or implausible feature of the account can be explained or rationalized."). We disagree with this description of the record before us. The adverse credibility decision in this matter was not based solely on petitioner's use of his own passport to leave China but on the implausibility of his claim of persecution given the overall context in which his passport was used. *Id.* Petitioner testified that when he used his passport, he was an escaped prisoner and in hiding and that the police were looking for him "everywhere." The finding that this scenario was implausible hardly gave excessive, much less exclusive, weight to petitioner's use of his passport. Nor is the finding otherwise irrational. *Id.*

We therefore need not address the agency's alternative determination that Chen failed to demonstrate that the harm he suffered amounted to persecution.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                   FOR THE COURT:
                                   Catherine O'Hagan Wolfe, Clerk